**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| YOELKYS MARTINEZ DIAZ | CIVIL ACTION NO. 26-1462 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRIAN ACUNA, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Yoelkys Martinez Diaz ("Petitioner"), a convicted drug trafficker, filed a petition for writ of habeas corpus and argued that his continued detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001). Although Petitioner has been detained since January 8, 2026, he has repeatedly refused to cooperate with immigration authorities trying to carry out his removal. Petitioner's own actions to prevent his removal means that his continued detention does not violate *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the following reasons, the undersigned declines to adopt the Magistrate Judge's Report and Recommendation, Record Document 10, and denies the habeas corpus petition, Record Document 1.

**Background**

Petitioner, a Cuban citizen, entered the United States on February 24, 2007, and was granted legal permanent resident status. Record Document 1 at 2. But on March 11, 2011, Petitioner was convicted of possession with intent to distribute 1,349 kilograms of marijuana in the United States District Court for the Southern District

of Texas. Record Document 8-2 at 1. An immigration judge then ordered him removed to Cuba. Record Document 8-1 at 1.

Petitioner has been in immigration custody since January 8, 2026, when he was detained following a traffic stop. Record Document 1 at 3. In the intervening months, U.S. Immigration and Customs Enforcement ("ICE") has tried to remove Petitioner twice but could not because Petitioner refused to cooperate. *See* Record Document 8-1 at 2. On February 16, 2026, ICE tried to remove Petitioner to a third-country, Mexico, but he refused. *Id.* ICE issued a warning to Petitioner for his failure to depart, called a Form I-229(a), but Petitioner refused to sign even that. *Id.* Again, on May 29, 2026, Petitioner had been set for removal but "refused to exit his pod for out processing for Third Country Removal to Mexico." *Id.* Because of Petitioner's actions, ICE has not been able to remove him.

Petitioner filed a petition for writ of habeas corpus, Record Document 1, and the Magistrate Judge issued a Report and Recommendation, Record Document 10, granting relief. The Report and Recommendation did not address the effect of Petitioner's refusal to cooperate with removal on his *Zadvydas* claim. *See id.* at 6. For their part, the Respondents inexplicably did not object to the Report and Recommendation, so plain error review applies. *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

**Analysis**

The United States Supreme Court in *Zadvydas* limited post-removal-order-detention to a period "reasonably necessary to bring about the alien's removal from

the United States." 533 U.S. at 689. *Zadvydas* recognized that post-removal detention for six months is "presumptively reasonable." *Id.* at 701. But after six months, if removal is not reasonably foreseeable, continued detention is not authorized. *Id.* at 699.

But the removal period is extended when an alien acts to prevent his removal. *See, e.g.*, *Roach v. Holder*, 344 F. App'x 945, 947 (5th Cir. 2009) ("[T]he magistrate judge did not err in finding that [petitioner]'s repeated filings with the BIA constituted acts to prevent his removal, thus extending his removal period[.]"). 8 U.S.C. § 1231(a)(1)(C) states "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."

Other courts have held that unlawful aliens who physically resist removal or refuse to sign ICE's Form I-229 have no *Zadvydas* claim because their own actions prevented removal. *See, e.g.*, *Anadji v. Keisler*, No. 07-184, 2008 WL 11388565, at *6 (S.D. Tex. June 26, 2008) *report and recommendation adopted*, No. 07-184, 2008 WL 11388548 (S.D. Tex. July 15, 2008) ("[T]he government twice attempted to remove Petitioner but was unable to because of Petitioner's physical resistance to boarding the plane[.]"; *Zehra v. Noem*, No. 25-5625, 2026 WL 2271347, at *2 (S.D. Tex. Aug. 6, 2026) ("Petitioner has refused to participate in an interview for Review of Custody twice, has declined to provide a third country of removal to ICE ERO, has failed to

provide evidence of compliance with the previous removal order, [and] has refused to sign the I-229, has refused to make a timely, good application for travel documents necessary to depart the United States, and has stated that she would not complete an application for travel documents.").

Here, plain error occurred because the Report and Recommendation did not consider Petitioner's refusal to cooperate in his removal before granting relief under *Zadvydas*. On two occasions, Petitioner defeated ICE's attempts at removal. He did so on February 16, 2026 when he refused removal to Mexico and refused to sign Form I-229(a). Record Document 8-1 at 2. And again, on May 29, 2026 when Petitioner refused to physically exit his pod for removal to Mexico. *Id.* Because ICE's "inability to remove him is in fact due to consistent refusals to cooperate by the alien and not external matters over which the alien has no control[,]" Petitioner is not entitled to *Zadvydas* relief.

**DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of September, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE